# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BEAURMONT CORTISHAE-ETIER,**
also known as Justin Tyler Etier,

      **Plaintiff,**

      v.                                                                 CASE NO. 23-3081-JWL

**FORD MOTOR COMPANY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this civil action against: Ford Motor Company; Ford Global Technologies, LLC; Shawnee Mission Ford; Edwin Price, Ford Investigations; Ford CIRT, Ford Investigations; and John Doe, Ford Investigation Supervisor. Plaintiff proceeds pro se and the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.) Plaintiff is in pretrial detention at the Wyandotte County Detention Center in Kansas City, Kansas.

Plaintiff raises violations of various federal statutes and state law causes of action, stemming from allegations that the Defendants provided GPS ping coordinates to law enforcement to assist in locating the Ford Bronco leased by Plaintiff's company. The coordinates were allegedly used to locate the Bronco and arrest Plaintiff.

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Doc. 3). Plaintiff asks the Court to prevent Ford Motor Company from repossessing his vehicle and to allow Plaintiff to retain possession of the vehicle pending the disposition of this action. However, Plaintiff alleges in his Complaint that

his detention caused him to default on his car loan, and led "to seizure of Ford Bronco." (Doc. 1–1, at 6. )

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Id*. (citing Fed. R. Civ. P. 65(b)).

A party seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 402 (10th Cir. 2018) (unpublished) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)). Whether sought through a TRO or a preliminary injunction, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have its request granted. *Vietti*, 2022

WL 1288314, at *2 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

Plaintiff has failed to show that he will suffer immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition. Plaintiff fails to set forth any efforts made to give notice to Defendants or the reasons why it should not be required. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a TRO is warranted. Plaintiff's motion is denied. The Court cautions Plaintiff that his initial partial filing fee is due by April 10, 2023. *See* Doc. 4 (order granting motion to proceed in forma pauperis and assessing an initial partial filing fee of $7.50). The failure to pay the fee as directed may result in the dismissal of this matter without further notice. *Id*.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to issue summonses to be served upon Defendants.

**IT IS SO ORDERED**.

Dated April 10, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**