# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BEAURMONT CORTISHAE-ETIER, )
also known as Justin Tyler Etier, )
)
          Plaintiff, )
)
v. )
)  Case No: 23-cv-3081-EFM-TJJ
FORD MOTOR COMPANY, )
et al., )
)
          Defendants. )

## ORDER

Plaintiff, a pretrial detainee appearing pro se and proceeding *in forma pauperis*, brings this civil action asserting violations of various federal statutes and state law causes of action, stemming from allegations that the Defendants provided GPS ping coordinates to law enforcement to assist in locating the Ford Bronco leased by Plaintiff's company. The coordinates were allegedly used to locate the Bronco and arrest Plaintiff. On April 10, 2023, the Court denied Plaintiff's Motion for a Temporary Restraining Order and ordered the Clerk to issue summons to be served upon Defendants Ford Motor Company, Edwin Price, Shawnee Mission Ford, Ford CIRT, and Ford Global Technologies, LLC.[1] The Clerk prepared and issued summons on April 10, 2023.[2] The summons issued to "Shawnee Mission Ford, c/o James G. Butler, Jr., Resident

---

[1] Mem. & Order (ECF No. 5). The *in forma pauperis* statute, 28 U.S.C. § 1915(d), requires the officers of the court to "issue and serve all process, and perform all duties in such cases."

[2] When the court orders the clerk to issue summons for prisoner pro se plaintiffs in civil cases that have passed screening under 28 U.S.C. § 1915A, the clerk uses information provided by the plaintiff or available in public records, such as the records of the State of Kansas Office of the Secretary of State. The address listed on the summons issued to Shawnee Mission Ford was obtained from the Kansas Secretary of State records for the business entity previously named "Shawnee Mission Ford, Inc."

Agent" was served by U.S. Marshal by certified mail, return receipt delivery, on April 17, 2023.[3]

This matter is before the Court on the Motion to Quash Service of Process and/or, in the Alternative, for Leave to File Answer Out of Time (ECF No. 9) filed by Defendant Shawnee Mission Ford on April 27, 2023. Defendant requests entry of an order quashing the purported service of process. In support of its motion, it states James G. Butler, Jr. is not the registered agent for Defendant Shawnee Mission Ford, and the purported Defendant Shawnee Mission Ford is not an entity in existence under the laws of the State of Kansas. It further argues the purported service of process is not valid because it does not comply with the Federal Rules of Civil Procedure for serving a corporation, partnership, or association and should thereby be quashed. In the alternative, should the Court find for any reason that service of process was valid on this defendant, it requests leave of court to file its answer to the pending complaint out of time.

Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Under Rule 4(e)(1), an individual can also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Kansas allows service of process on a corporation by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
> (2) leaving a copy of the summons and petition or other document at any of its

---

[3] *See* Summons Returned Executed (ECF No. 19).

> business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[4]

Service of process may be made by return receipt delivery, which is effected by certified mail to the party addressed, "evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."[5]

The record reflects that summons and the complaint were served upon Defendant Shawnee Mission Ford by certified mail sent to the Resident Agent and Registered Office address listed in the records of the State of Kansas Office of the Secretary of State for the business entity which previously used the name "Shawnee Mission Ford, Inc." Someone at that address received and signed the return delivery receipt on April 17, 2023.[6] However, service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.[7] Defendant asserts in its motion that James G. Butler, Jr. is not the registered agent for Defendant Shawnee Mission Ford, and the purported Defendant Shawnee Mission Ford is not an entity in existence under the laws of the State of Kansas. Based upon these representations and the limited and conflicting information for the entity "Shawnee Mission Ford," the Court cannot determine at this point whether service of process is insufficient.

Generally, when the Court finds that service is insufficient but curable, it should quash

---

[4] K.S.A. § 60-304(e).

[5] K.S.A. § 60-303(c)(1).

[6] ECF No. 19. The address listed for Defendant's Registered Office appears to be the same address as its counsel's law firm.

[7] *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, No. 22-CV-02135-EFM, 2022 WL 17583183, at *2 (D. Kan. Dec. 9, 2022).

service and give the plaintiff an opportunity to re-serve the defendant.[8] In this case, the Court finds any insufficiency in service upon Defendant Shawnee Mission Ford is curable. However, rather than cause further delay by ordering service of process be attempted again on Defendant Shawnee Mission Ford when it is already aware of this lawsuit, the Court will grant the alternate relief requested by Defendant and grant leave to file its answer or other responsive pleading out of time.

**IT IS THEREFORE ORDERED** that Motion to Quash Service of Process and/or, in the Alternative, for Leave to File Answer Out of Time (ECF No. 9) filed by Defendant Shawnee Mission Ford is granted in part. Defendant's alternate request for leave to file its answer out of time is granted. Defendant Shawnee Mission Ford is hereby granted leave to file its answer or other responsive pleading out of time and shall file on or before **June 6, 2023**.

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated May 23, 2023, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[8] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983); *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1269 (D. Kan. 2008).