IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEAURMONT CORTISHAE-ETIER,
Also known as Justin Tyler Etier

*Plaintiff,*

vs.

Case No. 23-3081-EFM-TJJ

FORD MOTOR COMPANY, et al.,

*Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Ford Motor Company's ("Ford")[1] Motion to Dismiss (Doc. 10), and Defendants Edwin Price's ("Price") and John Doe's ("Doe") Motion to Dismiss (Doc. 14). Defendants argue Plaintiff Beaurmont Cortishae-Etier, who is also known as Justin Tyler Etier, fails to state any claim upon which relief may be granted under Fed. Civ. P. Rule 12(b)(6). Plaintiff's Response (Doc. 30) to the motion to dismiss asks the Court to deny the motion and in

---

[1] Plaintiff also brings the same claims against "Ford CIRT" and "Ford Investigations." Ford stated in their Motion that "Ford CIRT" and "Ford Investigations" are not separate entities from Ford. Thus, Ford asserts the Motion is made on behalf of itself, which includes "Ford CIRT" and "Ford Investigations." Plaintiff does not dispute this in his Response. Consequently, the Court recognizes that the Motion is made on behalf of Ford which includes "Ford CIRT" and "Ford Investigations."

the alternative to allow Plaintiff to amend his complaint. The Court will first address Defendants' motion to dismiss and then Plaintiff's request to amend his complaint.

## I.     Factual and Procedural Background

On March 24, 2023, Plaintiff filed a Complaint raising numerous violations of various federal statutes and state law causes of action, arising from allegations of unauthorized disclosures of a Ford Bronco's GPS ping coordinates to law enforcement. As best as the Court can determine, Plaintiff asserts the following claims: (1) breach of contract; (2) tortious interference with contract; (3) tortious interference with business; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) violation of the "Kansas Invasion of Privacy Act;" (7) common law invasion of privacy; (8) intentional infliction of emotional distress; (9) unlawful access to stored communication; (10) unlawful search and seizure; (11) breach of privacy; (12) violation of the Stored Communications Act; (13) violation of the Computer Fraud and Abuse Act; (14) violation of the Federal Wiretap Act; (15) violation of "the (OPPA) 18 U.S.C. §§ 2171 through 2125;" (16) violation of the Electronic Communications Privacy Act; (17) violation of "the (PPA) 42 U.S.C. [§] 2000aa;" (18) "unlawful access to stored communications [under] 18 U.S.C. § 2701 [and] 42 U.S.C. § 1983;" (19) unjust enrichment; (20) trespass and conversion; (21) conspiracy; (22) negligent release of confidential information; (23) negligent infliction of emotional distress; (24) statutory and simple negligence; (25) violation of the Kansas Consumer Protection Act; (26) violation of the Fourth Amendment; and (27) denial of liberty without due process of the law.

To support his numerous claims, Plaintiff asserts that he is the "founder and principal" of Novelte Food Group Inc. ("Novelte"). In the fall of 2021, Novelte entered into a commercial leasing agreement with Ford "for the purchase acquisition of 'commercial vehicles' and related equipment for use in interstate commerce." Plaintiff alleges that each of the acquired vehicles,

including a Ford Bronco, were furnished with software that collected information about the vehicles' "metric and performance" and "GPS based locational information."

On November 17, 2021, law enforcement contacted Price, an employee of Ford, requesting assistance in locating the Ford Bronco owned by Novelte. Plaintiff alleges that Price initially told law enforcement a search warrant was required but, after law enforcement disclosed further information, Price provided law enforcement with a spreadsheet of the Ford Bronco's GPS ping coordinates. A day later, additional GPS coordinates were provided to law enforcement without a warrant. Plaintiff alleges that an unknown individual, "John Doe," directed the "monitoring and disclosure" of GPS coordinates to law enforcement and the disclosure was made without Plaintiff's knowledge or consent. Law enforcement reviewed the GPS coordinates, located the Ford Bronco, and arrested Plaintiff. Plaintiff was taken into custody, where he has remained. Additionally, Plaintiff alleges as a result of the disclosure of GPS coordinates and subsequent arrest that he has lost profitable accounts, defaulted on business obligations, incurred unnecessary expenses, the Ford Bronco has depreciated in value, been unable to make rent and provide for his family, defaulted on his car loan, witnessed the dissolution of his marriage, been alienated from his children, and had his credibility tarnished.

Ford filed its Motion on May 9, 2023. In its Motion, Ford argues that Plaintiff fails to plead sufficient facts to support his claims and Plaintiff does not have standing to bring claims on behalf of Novelte Foor Group, Inc. ("Novelte"). Price and Doe[2] filed their Motion the same day arguing Plaintiff "completely fails" to allege facts supporting the causes of action against them. Plaintiff's Response only addresses to Ford's arguments to dismiss the breach of contract claim

---

[2] Although the identity of John Doe is unknown, counsel for Price purports to also represent John Doe.

and Price and Doe's arguments to dismiss the claim of tortious interference with contract. Further, Plaintiff asks the Court to deny the motions to dismiss and "in the alternative allow plaintiff to amend his complaint."

## II. Legal Standard

### A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

**B.     Pro se Litigants**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10] A pro se litigant is entitled to a liberal construction of his pleadings.[11] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [plaintiff's] unfamiliarity with the pleading requirements."[12] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[14] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[15]

**C.     Motion to Amend**

Under Fed. Civ. P. Rule 15(a)(2), a motion to amend requires either "the opposing party's written consent or the court's leave," and generally courts will "freely give leave when justice so

---

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Id.*

[14] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

requires."[16] However, motions to amend must comply with the rules of the court,[17] and Local Rule 15.1 provides that such requests must include "a concise statement of the amendment or leave sought" and attach the proposed pleading or other document."[18]

### III.     Analysis

**A.     Plaintiff abandons the majority of his claims**

Plaintiff's Complaint raises numerous claims against Defendants. However, Plaintiff fails to address many of the arguments Defendants raise to dismiss the numerous claims. Plaintiff's response only addresses two claims and offers no argument or mention of the remaining claims.

A plaintiff abandons their claim when they fail to substantively respond to defendant's arguments.[19] Complete abandonment of a claim occurs when the plaintiff fails to respond in any manner to defendant's argument.[20] Abandoned claims are subject to dismissal by the court.[21]

Here, in Plaintiff's response, he only addresses Ford's arguments to dismiss the breach of contract claim and Price and Doe's arguments to dismiss the claim of tortious interference with contract. He provides no argument or support for his remaining claims against Defendants. Therefore, the Court finds Plaintiff abandoned his remaining claims by failing to substantively

---

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Hulett v. Krull*, 2023 WL 3979246, at *3 (D. Kan. 2023).

[18] D. Kan. R. 15.1(a)(1) & (2).

[19] *See Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1009 (D. Kan. 2018) (dismissing plaintiffs' rescission claim because "plaintiffs don't respond substantively to defendant's argument . . . thus [the court] assumes that plaintiffs have abandoned their request for recission").

[20] *Benge v. United Parcel Service, Inc.*, 2022 WL 7484632 *4 (D. Kan. 2022) (citing *Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 769 (10th Cir. 2001)).

[21] *See Tronsgard*, 312 F. Supp. at 1009 (dismissing plaintiff's abandoned recission claim); *see also Hinsdale*, 19 F. App'x at 768–69 (upholding dismissal of plaintiff's equal protection claim because of plaintiff's failure to address defendant's argument); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review.").

respond to Defendants' arguments regarding the numerous remaining claims. Consequently, the Court grants Defendants' Motions as to all claims except Plaintiff's claim against Ford for breach of contract and Plaintiff's claim against Price and Doe for tortious interference with contract.

**B.      Plaintiff fails to adequately state a breach of contract claim**

Defendants also move to dismiss Plaintiff's breach of contract claims. The elements of a breach of contract claim under Kansas law are: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."[22] A person who is not a party to a contract generally lacks standing to sue for breach of the contract.[23] Generally, under Kansas agency law, a principal is a party to the contract if the principal enters into the contract or an agent with authority enters into the contract on the principal's behalf.[24]

A person who is not a party may have standing if they have "a special status with respect to the contract such as that of a third-party beneficiary, corporate successor or assignee of a contracting party."[25] A third party beneficiary may sue to enforce a contract if the contracting parties intended the third party receive a direct benefit from the contract.[26] The third party need

---

[22] *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1098 (2013).

[23] *Bevill Co. v. Sprint/United Mgmt. Co.*, 77 F. App'x. 461, 462 (10th Cir. 2003); *Kansas ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 107 P.3d 1219, 1230–31 (2005).

[24] *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1159–60 (D. Kan. 2017) (discussing *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 355 P.3d 1178 (2014)).

[25] *Taylor v. Prince*, 2018 WL 2722511, at *5 (D. Kan 2018) (citing *Bevill Co.*, 77 Fed App'x at 462) (further citations omitted).

[26] *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, Kan.*, 535 F. App'x 653, 659–60 (10th Cir. 2013) (stating only intended third party beneficiaries not incidental beneficiaries have standing to sue for breach of contract) (citing *Stovall*, 107 P.3d at 1230–31) (further citations omitted).

not be the exclusive beneficiary of the contract or personally named in the contract.[27] However, the third party must show he is identifiable as the person intended to benefit from the contract by the parties' language[28] and "the existence of some provision in the contract that operates to his benefit."[29]

Price and Doe argue that Plaintiff fails to allege any facts that they are a party to the commercial leasing agreement between Ford and Novelte. Plaintiff fails to substantively respond to this argument. Therefore, the Court finds Plaintiff abandoned his breach of contract claim and grants Price and Doe's motion to dismiss the breach of contract claim.[30]

Ford argues that Plaintiff is not an intended party nor an intended beneficiary of the contract. Because Plaintiff substantively responds to this argument, the Court will address the plausibility of the breach of contract claim against Ford.

1. *Plaintiff is not an intended party of the contract*

Here, Ford claims that Plaintiff has failed to allege that he is a party to the contract and, therefore, fails to plausibly state a breach of contract claim. In the attachment accompanying the Complaint, Plaintiff only alleges that Novelte and Ford entered into a commercial leasing agreement. Nonetheless, Plaintiff argues he was an intended party of the contract because he is "founder and principal" of Novelte. However, Novelte is a corporation and there are no allegations that it acts as Plaintiff's agent. Therefore, Plaintiff's assertion that he is a party to the contract is misguided. Plaintiff is not an intended party of the contract.

---

[27] *Id.* at 660 (citing *Fasse v. Lower Heating and Air Conditioning, Inc.*, 241 Kan. 387, 736 P.2d 930, 932 (1987); *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 597 P.2d 622, 632 (1979)).

[28] *Tri-State Truck Ins.*, 535 F. App'x at 660 (citing *Hartford Fire Ins. Co.*, 597 P.2d at 632).

[29] *Id.* (quoting *Stovall*, 107 P.3d at 1231) (further citations omitted).

### 2. *Plaintiff is not an intended beneficiary of the contract*

Further, Ford argues that Plaintiff does not have standing to bring a breach of contract claim because he failed to plead sufficient facts to show he is an intended beneficiary of the commercial leasing agreement. The Court agrees. A careful review of the Complaint and the accompanying attachment reveals Plaintiff's factual allegations do not set forth the language of any provisions of the commercial leasing agreement, they do not describe the commercial leasing agreement, and they do not demonstrate that Plaintiff was intended to benefit from the commercial leasing agreement. Consequently, Plaintiff's factual allegations do not plausibly indicate that he was intended to be a third-party beneficiary of a contract between Novelte and Ford. As a result, Plaintiff fails to state a plausible breach of contract claim against Ford. The Court grants Ford's motion to dismiss the breach of contract claim.

### C. **Plaintiff fails to plausibly state a claim for tortious interference with contract**

Defendants move to dismiss Plaintiff's claims against them for tortious interference with contract. Under Kansas law, the party who induces or causes a breach of contract without justification is liable for the damages caused.[31] The elements of a claim for tortious interference with a contract are: "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom."[32]

Plaintiff's Response does not substantively address Ford's arguments to dismiss the claim of tortious interference with contract. Consequently, the Court finds Plaintiff abandoned his claim and grants Ford's motion to dismiss the claim of tortious interference with contract.

---

[31] *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1039 (D. Kan. 2018) (citing *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 872 P.2d 252, 257 (1994)) (further citations omitted).

[32] *Id*. (quoting *Diederich v. Yarnevich*, 40 Kan. App. 2d 801, 196 P.3d 411, 418 (2008) (quoting *Burcham v. Unison Bancorp., Inc.*, 276 Kan. 393, 77 P.3d 130, 150 (2003))) (further citations omitted).

In contrast, Plaintiff does respond to Price and Doe. They argue Plaintiff fails to allege sufficient facts to support a plausible claim of tortious interference with contract. In response, Plaintiff asserts his claim is "adequately pled" because Price and Doe "were malicious, unjustified and deliberate and that [Price and Doe] were aware of the 2021 agreement as described and intentionally acted." However, the factual allegations plead by Plaintiff in the Complaint and accompanying attachment do not support this assertion. Plaintiff fails to allege facts pertaining to Price or Doe's knowledge of the contract, how Price or Doe intentionally caused the breach of contract, or what the lack of justification is for the alleged breach of contract. As a result, Plaintiff does not plausibly allege a claim of tortious interference with contract against Price and Doe. Therefore, the Court grants Price and Doe's motion to dismiss the claim of tortious interference with a contract.

**D.     The Court denies Plaintiff's request to amend his Complaint.**

"[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."[33] A plaintiff's bare request to amend their complaint in response to a motion to dismiss is insufficient.[34] Thus, the Court may deny leave to amend if a plaintiff "merely suggest[s] [they] should be allowed to amend if the court conclude[s] [their] pleadings [a]re infirm."[35] For example, in *Johnson v. Spencer*,[36] the plaintiff requested "leave to

---

[33] *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999)).

[34] *Calderon*, 181 F.3d at 1186.

[35] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (quoting *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018)) (further quotations and citations omitted).

[36] 950 F.3d 680 (10th Cir. 2020).

file and serve a First Amended Complaint curing the pleading deficiencies the Court sees."[37] There, the Tenth Circuit upheld the district court's denial of leave to amend because plaintiff's request did not give adequate notice to the court or opposing party.[38]  Further, Local Rule 15.1 requires plaintiffs seeking amendment to include a "concise statement of the amendment" and attach the proposed pleading.[39]

Here, Plaintiff merely asks the Court to deny Defendants' motion to dismiss and "in the alternative allow plaintiff to amend his complaint."  No further information about the request to amend is provided.  Even the most liberal construction of Plaintiff's request does not meet the requirements of adequate notice to the Court and opposing parties, nor the "concise statement of the amendment" requirement of Local Rule 15.1.[40]  Therefore, the Court denies Plaintiff's request to amend his complaint.

**IT IS THEREFORE ORDERED** that Defendant Ford's Motion to Dismiss (Doc. 10), which encompasses Ford CIRT/Ford Investigations, and Defendant Price and Doe's Motion to Dismiss (Doc. 14) are **GRANTED** without prejudice.

**IT IS FURTHER ORDERD** that Plaintiff's request to amend (Doc. 30) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 31st day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[37] *Id*. at 721.

[38] *Id*.

[39] D. Kan. R. 15.1(a)(1).

[40] *Id*.