IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEAURMONT CORTISHAE-ETIER,
also known as Justin Tyler Etier,

  *Plaintiff,*

vs.

Case No. 23-3081-EFM-TJJ

FORD GLOBAL TECHNOLOGIES, LLC
and SHAWNEE MISSION FORD

  *Defendants.*

## MEMORANDUM AND ORDER

Before the Court are Defendant Ford Global Technologies' ("Ford Global") Motion to Dismiss (Doc. 37) and Shawnee Mission Ford's ("Shawnee") Motion to Dismiss (Doc. 35). Ford Global asks the Court to dismiss pro se Plaintiff Beuarmont Cortishae-Etier's claims against it for lack of personal jurisdiction, insufficient process, insufficient service of process, improper venue and failure to state a claim. Shawnee argues for dismissal based on Plaintiff's failure to plead sufficient facts to support a cause of action, improperly naming Shawnee as a defendant, and insufficient service of process. For the reasons below, the Court grants both Motions.

I. **Factual and Procedural Background**[1]

On March 24, 2023, Plaintiff filed a Complaint against several defendants raising numerous violations of various federal statutes and state law causes of action. Only two defendants remain in this cause of action: Ford Global and Shawnee.[2] Plaintiff asserts that he is the "founder and principal" of Novelte Food Group Inc. ("Novelte"). In the fall of 2021, Novelte entered into a commercial leasing agreement with Ford "for the purchase acquisition of 'commercial vehicles' and related equipment for use in interstate commerce." Plaintiff's numerous claims all arise from allegations of unauthorized disclosures of a Ford Bronco's GPS coordinates to law enforcement.

As best as the Court can determine, Plaintiff broadly asserts the following claims: (1) breach of contract; (2) tortious interference with contract; (3) tortious interference with business; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) violation of the "Kansas Invasion of Privacy Act;" (7) common law invasion of privacy; (8) intentional infliction of emotional distress; (9) unlawful access to stored communication; (10) unlawful search and seizure; (11) breach of privacy; (12) violation of the Stored Communications Act; (13) violation of the Computer Fraud and Abuse Act; (14) violation of the Federal Wiretap Act; (15) violation of "the (OPPA) 18 U.S.C. §§ 2171 through 2125;" (16) violation of the Electronic Communications Privacy Act; (17) violation of "the (PPA) 42 U.S.C. [§] 2000aa;" (18) "unlawful access to stored communications [under] 18 U.S.C. § 2701 [and] 42 U.S.C. § 1983;" (19) unjust enrichment; (20) trespass and conversion; (21) conspiracy; (22) negligent release of confidential information; (23) negligent infliction of emotional distress; (24) statutory and simple negligence; (25) violation of

---

[1] All facts were taken from Plaintiff's Complaint unless otherwise noted.

[2] The Court terminated Defendants Ford Motor Company, Ford CIRT, Edwin Price, and John Doe from this case on August 31, 2023 (Doc. 36).

the Kansas Consumer Protection Act; (26) violation of the Fourth Amendment; and (27) denial of liberty without due process of the law.

The Court has already laid forth the general facts of this case in its previous Order (Doc. 36) and thus does not need to do so here. Despite Plaintiff's numerous claims, the allegations specific to Ford Global and Shawnee are scarce. Plaintiff alleges that Ford Global knowingly violated its contractual duties and improperly utilized Novelte's confidential information; intentionally exceeded its authorized use of Novelte's confidential information by monitoring and recording Plaintiff's movements; and collaborated with non-party Kansas City Kansas Police Department ("KCKPD") to take and use Novelte's confidential information. Plaintiff alleges that Shawnee tortiously interfered with Novelte's business; breached a commercial leasing agreement between Novelte and Shawnee; intentionally and willfully violated each of the leasing agreement's obligations; and knew Plaintiff relied upon Shawnee to secure reliable transportation for its broader fleet management.

Shawnee first filed an Answer (Doc. 25) on June 6, 2023. Then Shawnee filed its Motion to Dismiss on August 30, 2023. Shawnee's Motion to Dismiss invokes Rule 12(b)(6). A motion brought under Rule 12(b) "must be made before pleading."[3] However, "[a] court faced with a post answer Rule 12(b)(6) motion may exercise its discretion and convert such a motion into a Rule 12(c) motion for judgment on the pleadings if the basis for the Rule 12(b)(6) motion is cognizable within a Rule 12(c) motion."[4] Federal Rule of Civil Procedure 12(h)(2) "permits the court to consider a defense of failure to state a claim upon which relief can be granted within a Rule 12(c)

---

[3] Fed. R. Civ. Pro. 12(b).

[4] *VanHorn v. U.S. Postal Serv.*, 2024 WL 245664, at *1 (D. Kan. 2024) (citations omitted).

motion."[5] Since Shawnee filed its Motion after filing its Answer, the Court, in its discretion, construes the motion as one made under Rule 12(c) seeking judgement on the pleadings.

Ford Global filed its Motion to Dismiss on September 27, 2023. Plaintiff did not respond to Ford Global's or Shawnee's Motions. Ford Global and Shawnee's Motions are now ripe for ruling.

## II.  Legal Standard

### A.  Motion to Dismiss

Under Rule 12(b)(2), a defendant may move for dismissal of any claim in which there is no personal jurisdiction.[6] A plaintiff opposing a motion to dismiss based on a lack of personal jurisdiction bears the burden of showing that jurisdiction over the defendant is appropriate.[7] A plaintiff must make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[8] Once the plaintiff makes a prima facie showing, the defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.' "[9]

Courts view the allegations in the complaint as true if they are uncontroverted by the defendant's affidavits.[10] "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient

---

[5] *Swearingen v. Honeywell, Inc.*, 1898 F. Supp. 2d 1189, 1193 (D. Kan. 2002) (internal quotation marks omitted).

[6] Fed. R. Civ. P. 12(b)(2).

[7] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[8] *Id*.

[9] *Id*. at 1227 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[10] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

notwithstanding the contrary presentation by the moving party."[11] "However, only the well pled facts of [the] plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[12] The plaintiff must support its jurisdictional allegations in a "complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."[13]

**B.    Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial.[14] The standard for dismissal under Rule 12(c) is the same as dismissal under Rule 12(b)(6).[15] To survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[16] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[17] Judgement on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains

---

[11] *Id.* (internal quotations and citations omitted).

[12] *Id.* (citations omitted).

[13] *Id.* at 1508 (quoting *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

[14] Fed. R. Civ. P. 12(c).

[15] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[17] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

to be resolved and the party is entitled to judgement as a matter of law."[18] Documents attached to pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[19]

**C.     Pro se Litigants**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[20] A pro se litigant is entitled to a liberal construction of his pleadings.[21] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [plaintiff's] unfamiliarity with pleading requirements."[22] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[23] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[24] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference[s] that the defendant is liable for the misconduct alleged."[25]

---

[18] *Id*. (quotation marks and citation omitted).

[19] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[20] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[21] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Id.*

[24] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

**A. Ford Global's Motion to Dismiss**

Ford Global asks this Court to dismiss Plaintiff's claims for lack of personal jurisdiction, insufficient process, insufficient service of process, improper venue and for failure to state a claim. The Court will first address whether it can exercise personal jurisdiction over Ford Global.[26]

The Court determines personal jurisdiction over parties using the law of the forum state.[27] To establish whether the Court has personal jurisdiction over Ford Global, Plaintiff must show that the exercise of jurisdiction is (1) legitimate under the state's long-arm statute, and (2) does not offend the Due Process Clause of the Fourteenth Amendment.[28] Because the Kansas Supreme Court interpreted the Kansas long-arm statute to extend jurisdiction to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment,[29] the Court need not conduct a statutory analysis and may proceed directly to the due process analysis.[30]

The Due Process Clause requires that the defendant " 'purposefully established minimum contacts with the forum State' and that the 'assertion of personal jurisdiction would comport with fair play and substantial justice.' "[31] As a result, a defendant's contacts with the forum state may give rise to either general or specific jurisdiction.[32] Here, Plaintiff does not contend that the Court

---

[26] The parties do not clearly articulate Ford Global's domicile; however, it appears that Ford Global is located in Detroit, Michigan or in any event not Kansas.

[27] *Kesters Merch. Display Int'l, Inc. v. Surfacequest, Inc.*, 2022 WL 1489658, at *3 (D. Kan. 2022).

[28] *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (citation omitted*); Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

[29] *Merriman v. Crompton Corp.*, 282 Kan. 433, 146 P.3d 162, 179 (2006) (citation omitted).

[30] *See Leichty v. Bethel Coll.*, 2019 WL 5549167, at *13 (D. Kan. 2019) (citing *Schrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

[31] *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1322 (10th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

[32] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

has general jurisdiction over Ford Global, and the Court does not otherwise find the exercise of general jurisdiction over Ford Global is appropriate. Therefore, the Court limits its analysis to the issue of specific personal jurisdiction.

### 1. Specific Jurisdiction

A court may exercise specific jurisdiction under the minimum contacts test if two elements are met: (1) the out-of-state defendant "purposefully directed" its activities toward the forum state and (2) the plaintiff's injuries "arise out of" the defendant's purposefully directed activities.[33]

The "purposeful direction" requirement ensures that "an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state."[34] The relationship between the defendant and the forum must arise from contacts that the "*defendant himself*" created with the forum [state]."[35] "The analysis must focus on 'the defendant's contacts with the forum' and not merely the defendant's contacts 'with persons who reside there.' "[36] "Mere foreseeability of causing injury" in the forum state does not satisfy purposeful direction.[37]

The Tenth Circuit identified several frameworks for determining whether an out-of-state defendant's contacts with the forum satisfy the "purposeful direction" requirement. One framework is the "effects test" which is applied in mixed torts and contract cases.[38] Another framework is applied specifically to claims of conspiracy.

---

[33] *Burger King*, 471 U.S. at 472.

[34] *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 475).

[35] *Kesters*, 2022 WL 1489658, at *4 (quoting *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014)).

[36] *Id*. (further citation omitted).

[37] *Old Republic*, 877 F.3d at 905 (citing *Burger King*, 471 U.S. at 474).

[38] *Eighteen Seventy, LP*, 32 F.4th at 966–67 (discussing *Calder v. Jones*, 465 U.S. 783 (1984)); *see Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 n.3 (10th Cir. 2020) (noting that applying the effects

Plaintiff asserts tort claims, contract claims, and conspiracy claims against Ford Global. Thus, the Court will first analyze if personal jurisdiction can be exercised over the tort and contract claims under the effects test. Then the Court will determine if personal jurisdiction can be exercised over the conspiracy claims. For the following reasons, the Court cannot exercise personal jurisdiction over Ford Global under either test.

      a. Effects Test

The effects test "analyzes whether an out-of-state defendant's tortious conduct satisfies three elements: '(1) an intentional action; (2) expressly aimed at the forum state; and (3) . . . knowledge that the brunt of the injury would be felt in the forum state.' "[39] "[P]laintiffs must demonstrate each element of the effects test to satisfy the purposeful direction standard; that is, plaintiff's failure to establish even one of the elements will doom their showing of purposeful direction."[40]

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff fails to make a prima facie showing that the Ford Global's actions were expressly aimed at the State of Kansas.

      i. Intentional Action

"The intentional action element requires little discussion."[41] Allegations of a defendant's intentional tortious act easily satisfy the first element.[42]

---

test to tort-based claims in a mixed tort and contract case the terms "purposeful availment" and "purposeful direction" are interchangeable).

[39] *Eighteen Seventy, LP*, 32 F.4th at 966–67 (further quotations and citation omitted).

[40] *Id*. at 967 (citations omitted).

[41] *Newsome v. Gallacher*, 722 F.3d 1257, 1268 (10th Cir. 2013).

[42] *Eighteen Seventy, LP*, 32 F.4th at 968 (finding that adequate allegations of intentional tortious conduct meet the intentional action element) (citations omitted).

Here, Plaintiff alleges that Ford Global knowingly violated its contractual duties and improperly utilized confidential information that was owned by Novelte. Additionally, Plaintiff asserts Ford Global tortiously used Novelte's confidential information by monitoring and recording Plaintiff's movements. These allegations of Ford Global's intentional conduct are sufficient to satisfy the first element. Thus, the Court finds that Plaintiff made a prima facie showing of the intentional action element. The Court now turns to the expressly aimed element.

### ii. Expressly Aimed

Under the second element, a defendant's actions "must be 'expressly aimed' at the forum state."[43] The jurisdictional analysis of whether a defendant expressly aimed his conduct at the forum state must not be driven by "a plaintiff's contacts with the defendant and forum."[44] "[T]he plaintiff cannot be the only link between the defendant and the forum."[45]

Instead, the "focal point" of the defendant's conduct must be the forum state.[46] " '[T]he defendant's conduct must connect him to the forum [state] in a meaningful way.' "[47] By itself, a defendant's knowledge of a plaintiff's connection to a forum state is not enough to satisfy the second element of the effects test.[48] Additionally, mere injury to a plaintiff residing in the forum state does not meaningfully connect a defendant to the forum state.[49]

---

[43] *Id.* at 968–69 (quoting *Calder*, 465 U.S. at 789).

[44] *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

[45] *Id.* at 285.

[46] *Newsome*, 722 F.3d at 1268.

[47] *Eighteen Seventy, LP*, 32 F.4th at 969 (quoting *Walden*, 571 U.S. at 290) (alterations omitted).

[48] *Id.* at 970.

[49] *Id.* at 971 (quoting *Walden*, 571 U.S. at 291).

Here, Plaintiff alleges that Ford Global "independently and together with non-party KCKPD" took, used, and benefited from Novelte's confidential information. This is not enough to make a prima facie showing of the expressly aimed element. Plaintiff fails to provide any factual allegations of how Ford Global collaborated with KCKPD. A bare assertion that Ford Global worked with KCKPD by itself is not enough to establish a meaningful connection to the forum state of Kansas. Thus, Plaintiff fails to make a sufficient showing of the expressly aimed requirement. As a result, the Court cannot exercise personal jurisdiction over Ford Global under the effects test. The Court now turns to the conspiracy test.

b. Conspiracy Test

Under a conspiracy theory of personal jurisdiction "[t]he existence of a conspiracy and acts of a co-conspirator within the forum may, in some cases, subject another co-conspirator to the forum's jurisdiction."[50] However, "[i]n order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than bare allegations that a conspiracy existed, and must allege facts that would support a prima facie showing of conspiracy."[51] A plaintiff successfully makes a prima facie showing of conspiracy "[w]hen the conspiracy and its overt acts are pleaded with particularity."[52] Additionally, due process also requires that a defendant have minimum contacts with the forum in addition to the plaintiff pleading a prima facie conspiracy.[53]

Here, Plaintiff merely alleges that Ford Global "independently and together with non-party KCKPD" took, used, and benefited from Novelte's confidential information. The Complaint is

---

[50] *Melea, Ltd. v. Jawar SA*, 511 F.3d 1060, 1069 (10th Cir. 2007).

[51] *Id.* (internal quotation marks omitted).

[52] *Dodson Int'l Parts, Inc. v. Altendorf*, 101 F.Supp.2d 1248, 1254 (D. Kan. 2001).

[53] *Melea*, 511 F.3d at 1070.

devoid of any specific allegations of conspiracy between Ford Global and KCKPD. Thus, Plaintiff fails to allege facts that would support a prima facie showing of conspiracy. Consequently, the Court cannot exercise personal jurisdiction over Ford Global under the conspiracy test.

As a result, the Court lacks personal jurisdiction over Ford Global under both the effects test and the conspiracy test. Accordingly, the Court grants Ford Global's Motion to Dismiss. Because the Court grants dismissal for lack of personal jurisdiction, it need not determine whether dismissal is appropriate for insufficient process, insufficient service of process, improper venue, or failure to state a claim.

**B.    Shawnee's Motion to Dismiss**

Shawnee asks the Court to dismiss Plaintiff's claims against it for failure to plead sufficient facts to support a cause of action, improperly naming Shawnee as a defendant, and insufficient service of process.

Plaintiff broadly alleges twenty-seven claims against multiple defendants. However, the Complaint contains few allegations specific to Shawnee. Those allegations are: "tortious interference with business against . . . [Shawnee]"; "alleges that the breach of contract stems from a commercial leasing agreement between [Novelte and Shawnee]"; "during relevant times [Shawnee] knew that plaintiff would be relying upon it in securing reliable transportation for its broader fleet management"; and "[Shawnee] intentionally willfully violated each of the obligations assumed under the agreement." However, it is difficult to decipher from these allegations exactly which of the twenty-seven claims Plaintiff brings against Shawnee. Thus, Plaintiff fails to plead facts with enough specificity to provide Shawnee with adequate notice as to which claims are

asserted against them.[54] Further Plaintiff fails to allege enough facts to plausibly state a claim because each allegation is speculative and conclusory. As a result, the Shawnee is entitled to judgment on these claims and its Motion is granted. Because Shawnee is entitled to judgement for failure to plead sufficient facts to support a cause of action, the Court need not determine whether dismissal is appropriate for improperly naming Shawnee as a defendant and insufficient service of process.

**IT IS THEREFORE ORDERED** that Defendant Ford Global's Motion to Dismiss (Doc. 37) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Shawnee's Motion to Dismiss (Doc. 35) be construed as a Rule 12(c) motion for judgment on the pleadings and judgment to Defendant Shawnee is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 16th day of February, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[54] *Twombly*, 550 U.S. at 555 (discussing that a plaintiff's allegations should "give the defendant fair notice of what the . . . claim is and the ground upon which it rests[.]" (internal quotations and citations omitted)).